KNOLL, Administrator, Appellant, vs. SHALER and others,
Respondents.

*February 7—March 6, 1923.*

*Workmen's compensation: Failure to furnish safe place to work:
Injury to employee: Remedies.*

Although the death of an employee may be caused by the viola-
tion of the statutory duty imposed by sec. 2394—48, Stats.,
upon the employer to furnish the employee with a reasonably
safe place to work, the remedies afforded by the workmen's
compensation act are exclusive of all other remedies.

APPEAL from an order of the circuit court for Dodge
county: C. M. DAVISON, Circuit Judge. *Affirmed.*

Personal injury. From the allegations of the complaint it
appears that the defendants are partners; that the plaintiff's
intestate, Emma Michaels, was an employee; that both em-
ployer and employee were subject to the provisions of the
workmen's compensation act.

The complaint further alleges that plaintiff's intestate was
required to work in a room filled with combustible and
inflammable material in which there were operated motors
which were likely to and did discharge sparks; that the dis-
charge of such sparks resulted in the ignition of the inflam-
mable dust and inflammable and combustible materials, as a
result of which an explosion occurred, followed by a fire in
which the said Emma Michaels lost her life.

This action is begun to recover $10,000 damages from
the defendants. Defendants demurred to the complaint on
the ground that it appears upon the face thereof that the
same does not state facts sufficient to constitute a cause of
action. The trial court sustained the demurrer, and from an
order entered sustaining the demurrer plaintiff appeals.

For the appellant there was a brief by *Lueck, Clark &
Lueck* of Beaver Dam, and oral argument by *M. L. Lueck.*

For the respondents there was a brief by *Quarles, Spence*

*& Quarles,* attorneys, and *Arthur B. Doe,* of counsel, all of Milwaukee, and oral argument by *Mr. Doe.*

ROSENBERRY, J.   The sole contention of the plaintiff is that the workmen's compensation act does not apply for the reason that the plaintiff's intestate was employed by the defendants and required to work in a place which was not reasonably safe, in violation of sec. 2394—48, Stats., and that the neglect of her employers to furnish a reasonably safe place was the cause of the injuries from which the plaintiff's intestate died.   In other words, that a violation of a statutory duty by an employer resulting in injury to the employee is not within the provisions of the workmen's compensation act.   By that act it is provided:

Sec. 2394—3. "Liability for the compensation hereinafter provided for, in lieu of any other liability whatsoever, shall exist against an employer for any personal injury accidentally sustained by his employee, and for his death, in those cases where the following conditions of compensation concur:

"(1) Where, at the time of the accident, both the employer and employee are subject to the provisions of sections 2394—3 to 2394—31, inclusive.

"(2) Where, at the time of the accident, the employee is performing service growing out of and incidental to his employment.

"Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, shall be deemed to be performing service growing out of and incidental to his employment.

"(3) Where the injury is proximately caused by accident, and is not intentionally self-inflicted.

"And where such conditions of compensation exist for any personal injury or death, the right to the recovery of such compensation pursuant to the provisions of sections 2394—3 to 2394—31, inclusive, and acts amendatory thereof, shall be the exclusive remedy against the employer for such injury, or death; in all other cases, the liability of the employer shall be the same as if this and the succeeding

sections of sections 2394—3 to 2394—31, inclusive, had not been passed, but shall be subject to the provisions of sections 2394—1 and 2394—2."

. In this case there can be no question but that at the time of the accident both employer and employee were subject to the provisions of the act; that the employee was performing service growing out of and incidental to her employment; and that the injury sustained was proximately caused by accident and was not intentionally self-inflicted.

The argument of the plaintiff is that the workmen's compensation act was intended to compensate for those injuries resulting from the negligence of the employer, negligence of the employee, negligence of a fellow-servant, or sustained as a result of pure accident. With respect to injuries resulting from the violation of a statutory provision plaintiff says:

"Every employee has a right to expect that his employer will comply with the law and perform the duties imposed upon him by the express provisions of the statute. Injuries sustained as a result of such breach of duty ought to fall upon the employer who fails to discharge that duty and not upon the employee who has been injured. . . .

"If it was the purpose of the legislature, as has been stated in some of the cases, to have personal-injury losses borne by the employer, the employee, and the public who use the product of the industry, how is any portion of the burden assumed by the employer unless in cases like this he is made to pay full compensation? . . . Unless the employer is obliged to make full compensation in cases of death or injury resulting from a violation of the statutes, he is relieved from carrying any part of the burden of personal-injury losses."

The argument seems to be that, because an employer is protected by industrial insurance, he bears no part of the loss resulting from industrial accidents and therefore escapes any penalty for violation of the statute. This argument is not sound in view of the fact that by the provisions of the act an employer may, upon application to the industrial

commission and establishing his financial ability, be relieved from that provision of the statute which requires him to take out industrial insurance. Whether he carries his own risk or pays a premium for insurance, in either case he bears a part of the burden. Whether or not this entire burden can be passed on in the shape of an increased price of the product of industry is a matter for the consideration of an economist rather than the courts. The law places the burden primarily upon the employer.

As has been stated many times, we have nothing to do with the policy of statutes not contravening some constitutional provision. By legislative declaration there has been grafted on the relation of employer and employee, under the circumstances prescribed by statute, certain rights and liabilities in case of accidental injury to the employee. As has been many times stated, this is a substitute for the liability of the employer at common law. While in one case the liability is in the nature of a tort and in the other it is statutory, it is in both cases an incident to the employment. An employer may maintain as many unsafe places as he chooses. No liability on his part will arise either at common law or under the statute until, in violation of his duty, he requires an employee to work in a place which is not reasonably safe. Under the workmen's compensation law the liability arises by reason of the relationship which exists between the employer and employee, to which the statute has annexed certain mutual duties and liabilities. It seems clear, therefore, that when the legislature provided by sec. 2394—3 that the compensation under the act "shall be the exclusive remedy against the employer for such injury, or death," it was intended to include and did include all injuries for which the employer might be liable at common law by reason of his failure to exercise ordinary care or comply with valid statutory requirements relating to the conditions of employment as well as those resulting from pure accident or negligence of the employee or a fellow-

servant. While secs. 2394—48 and 2394—49 are found in the industrial commission act, that act and the workmen's compensation act are *in pari materia* and must be construed together. That this was the legislative purpose is indicated by the provisions of sub. (5) (h) of sec. 2394—9 (part of the workmen's compensation act):

"Where injury is caused by the failure of the employer to comply with any statute of the state or any lawful order of the industrial commission, compensation and death benefits as provided in sections 2394—3 to 2394—31, inclusive, shall be increased fifteen per cent."

And sub. (7) of the same section:

"Compensation and death benefits, as provided in sections 2394—3 to 2394—31, inclusive, shall, in the following cases, be treble the amount otherwise recoverable:" (a) Employment of minor; (b) Employment of minor in prohibited employment.

The provisions relating to the employment of minors are not a part of ch. 110a, in which is found the workmen's compensation act as well as the act creating the industrial commission. The employment of a minor in violation of the statute, in case of accidental injury, would not be within the workmen's compensation act if plaintiff's theory is sound.

While the question raised here has not been heretofore considered or decided, the right to recover treble damages under the provisions has been recognized in *Brenner v. Heruben,* 170 Wis. 565, 176 N. W. 228. We construe the statute as meaning what it says; that is, that where the statutory conditions are present, the remedy under the act is exclusive of all other remedies.

*By the Court.*—The order sustaining the demurrer is affirmed.