JOHN H. KAISER LUMBER COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*September 21—October 16, 1923.*

*Workmen's compensation: When right accrues: Accidental injury: What is: Employee attacked by insane co-employee.*

1. To entitle an injured employee to compensation under the workmen's compensation act it is only necessary to show (1) that the employer and employee were subject to the act, (2) that the employee was performing service growing out of and incidental to his employment, and (3) that the injury was proximately caused by accident.

2. Findings of fact of the industrial commission are conclusive unless impeached for fraud or unless there is an entire absence of evidence to support the findings.

3. An injury to an employee in a lumber camp who was attacked by another employee occupying the same bunkhouse, who had become insane, was caused by an "accident" within the compensation act, the accident having been unforeseen and unexpected by the injured person.

4. Such an injury is one growing out of and incidental to the employment, within the compensation act.
5. Where the hazards of the employment combine with any outside agency to produce an accidental injury to an employee, liability for compensation exists.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appellant lumber company was operating a lumber camp and the respondent *Sam Beatty* was an employee therein. It was incident to such employment that the employees of the camp were furnished food and lodging on the premises. They were required to sleep in a bunkhouse, where many workmen slept in the same room. The respondent *Beatty* was asleep at night in the bunkhouse, when he was attacked and injured by another employee occupying the same room and who had become insane. He applied for compensation and the *Industrial Commission* made its award, wherein it found that while *Beatty* was performing service growing out of and incidental to his employment he sustained personal injury resulting in disability; that such injury was proximately caused by accident and was not intentionally self-inflicted; and that all parties were subject to the compensation act. The appellants brought an action in the circuit court to set aside such award, with the result that the circuit court affirmed the same. From the judgment of the circuit court comes this appeal.

For the appellants there was a brief by *Otjen & Otjen,* and oral argument by *Ottomar Kloetzner* and *C. J. Otjen,* all of Milwaukee.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent *Beatty* there was a brief by *John A. Cadigan* and *Peter B. Cadigan,* both of Superior.

CROWNHART, J. To entitle an employee to compensation under the statute it is only necessary to show (1) that the

employer and employee were subject to the act; (2) that the employee was performing service growing out of and incidental to his employment; and (3) that the injury was proximately caused by accident. The *Commission* found in the affirmative on each of these propositions. The findings of fact of the *Industrial Commission* are conclusive unless impeached for fraud or there is an entire absence of evidence to support the findings. Under the circumstances of this case, where the employee was required to sleep on the premises of his employer as a part of his contract of hire, it has been held that the employee when so at rest is performing service growing out of and incidental to his employment. *Holt L. Co. v. Industrial Comm.* 168 Wis. 381, at p. 385, 170 N. W. 366.

The injury was caused by accident. An accident is a fortuitous event, unexpected and unforeseen by the injured person. The *Industrial Commission* early held that even though the injury might be intentionally inflicted by another, if the injury was unexpected and unforeseen by the person injured it was an accident within the compensation act, and the findings of the *Commission* were approved on appeal to the supreme court. *West Salem v. Industrial Comm.* 162 Wis. 57, 155 N. W. 929.

It is claimed that the injury to the employee was extraneous to the employment and did not grow out of the employment, under the rule laid down in *Hoenig v. Industrial Comm.* 159 Wis. 646, 150 N. W. 996. That was a case where the injury grew out of a stroke of lightning—an act of God, so called. There was nothing in the employment that made it more hazardous to the employee, from the dangers of lightning stroke, than to the public at large; in other words, the employment had nothing to do with the accident. In *Carey v. Industrial Comm., ante,* p. 253, 194 N. W. 339, the court quoted approvingly the rule, as follows:

"We believe the reasonable rule to be that if deceased, by reason of his employment, was exposed to a risk of being

injured by a storm which was greater than the risk to which the public in that vicinity was subject, or if his employment necessarily accentuated the natural hazard from the storm, which increased hazard contributed to the injury, it was an injury arising out of the employment, although unexpected and unusual." *Central Ill. Pub. Serv. Co. v. Industrial Comm.* 291 Ill. 256, 126 N. E. 144.

Considered in the light of this ruling, there can be no question but that the injury to respondent *Beatty* arose out of the employment and as an incident to such employment. Some sixty employees were required to sleep in a bunkhouse with a single room. Manifestly, the danger of accident in such sleeping quarters was greater to the employees than to the public at large, whether the accident came from fire, or from one of its employees running amuck, or from any other cause. Where the hazards of the employment combine with any outside agency to produce the accident, and injury results, liability for compensation exists. *Schroeder & Daly Co. v. Industrial Comm.* 169 Wis. 567, 173 N. W. 328.

*By the Court.*—The judgment of the circuit court is affirmed.