SHEBAN, Respondent, vs. A. M. CASTLE & COMPANY, Appellant.

*November 15—December 9, 1924.*

*Master and servant: Safe place to work: Principal contractors: Independent contractor and employees as trespassers: Whether principal contractor is under workmen's compensation act: Number of employees: Foreign corporations: Employees without state: Principal contractor as "third party" under act: Trial: Evidence: Sufficiency.*

1. By sec. 102.03, Stats., liability under the workmen's compensation law is exclusive of all other liability as to those subject to the act and within its terms. p. 286.

Sheban v. A. M. Castle & Co. 185 Wis. 282.

2. Such liability is an incident to the contract creating the relation of employer and employee, and, while the liability is statutory, it is contractual in its nature rather than tortious.   p. 287.

3. Employees of an independent contractor are not to be counted in determining whether or not the principal contractor is under the workmen's compensation act, and in case of a principal contractor which is a foreign corporation, employees without the state are not to be counted.   p. 287.

4. A foreign corporation having but two employees within the state and not having elected to come within the provisions of the compensation law (sec. 102.05, Stats.) was not an employer within the law, and could not, under sec. 102.06, be a principal contractor, and is therefore a "third party" or "other party" as to the employees of an independent contractor, within the meaning of sec. 102.29.   p. 287.

5. The owner of a platform and derrick did not furnish a place of employment to a contractor's employee within the meaning of secs. 101.01 and 101.06, Stats., requiring the place of employment to be safe; but where the plaintiff's employer had been forbidden to use the derrick and was a trespasser in using it, the owner was not liable to plaintiff for an injury sustained by defects therein.   p. 290.

6. A finding that plaintiff's immediate employer had not been instructed by the owner of the platform and the derrick not to use the derrick by which he was injured, is *held* to be unsupported by the evidence.   p. 289.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge.   *Reversed.*

Personal injury.   The defendant owns a platform and derrick located on the premises of the Chicago, Milwaukee & St. Paul Railway Company in the city of Milwaukee. The plaintiff was employed by the Cream City Cartage Company, and on the 20th day of July, 1921, while the plaintiff was so employed and assisting in unloading steel beams from cars by the use of the derrick, the northeast corner of the derrick raised so as to allow the steel beams which were being unloaded to drop and fall upon plaintiff's foot, crushing the same so as to make it necessary to have the foot amputated.   It was contended by the defendant upon the trial that the injuries sustained by the plaintiff were the result of his own negligence and the negligence of the Cream

City Cartage Company; that the plaintiff had received compensation under secs. 2394—3 to 2394—51, Stats. (workmen's compensation law), and that plaintiff was for that reason barred from maintaining the action, and the defendant company denied any negligence on its part.

The Chicago, Milwaukee & St. Paul Railway Company was originally joined as a defendant, but at the close of the plaintiff's case a nonsuit was granted by the court and there is no appeal from the order granting the nonsuit.

The case was tried to the court and a jury. The jury found (1) that the derrick was not sufficiently anchored to make the place of employment as safe as the nature thereof reasonably permitted; (2) that such defective anchoring was the proximate cause of plaintiff's injury; (3) that want of ordinary care on the part of the plaintiff proximately contributed to produce his injury; (4) that the Cream City Cartage Company did not fail to exercise ordinary care while operating the derrick; (5) the fifth question was not answered; (6) that at the time of the plaintiff's injury the Cream City Cartage Company was not under instructions from *A. M. Castle & Company* not to use the derrick; (7) that the derrick was not overloaded at the time of the injury; (8) the eighth question was not answered; (9) that the defendant failed to exercise ordinary care in anchoring the northeast corner of the derrick; (10) that defendant's failure to exercise ordinary care in anchoring the northeast corner of the derrick was the proximate cause of plaintiff's injury; (11) that the Cream City Cartage Company did not know that the derrick was unsafe prior to July 20, 1921; and (12) assessed the plaintiff's damages at $17,000. The court changed the answer to question 11 from "No" to "Yes" and ordered judgment in favor of the plaintiff and against the defendant for the amount of damages found by the jury less the sum of $5,883, the amount of compensation awarded to the plaintiff by the industrial commission of the state of

Wisconsin. Judgment was thereupon entered accordingly, from which the defendant appeals.

For the appellant there was a brief by *Miller, Mack & Fairchild,* and oral argument by *Paul R. Newcomb* and *Edwin S. Mack,* all of Milwaukee.

For the respondent there was a brief by *Wm. A. Schroeder, George A. Bowman, Jacob S. Rothstein,* and *Joseph A. Padway,* all of Milwaukee, and oral argument by *Mr. Schroeder, Mr. Rothstein,* and *Mr. Bowman.*

Rosenberry, J. There were many assignments of error and the case was thoroughly and exhaustively argued, but we shall make such additional statements only as are necessary to present what we consider to be the decisive questions in this case.

The principal contention of the defendant is that, the plaintiff having received compensation under the workmen's compensation law, the right to recover such compensation being exclusive, he has no other remedy. It appeared without dispute that the Cream City Cartage Company was under the workmen's compensation law, as was the plaintiff, and that compensation had been awarded in accordance with that act in the amount found by the court, $5,883.

This suit was begun under the provisions of sec. 102.29, Stats., as follows:

"(1) The making of a lawful claim against an employer or compensation insurer for compensation under sections 102.03 to 102.34, inclusive, for the injury or death of an employee shall operate as an assignment of any cause of action in tort which the employee or his personal representative may have against any other party for such injury or death; and such employer or insurer may enforce in their own name or names the liability of such other party for their benefit as their interests may appear. If a recovery shall be had against such other party, by suit or otherwise, the compensation beneficiary or beneficiaries shall be entitled to any

amount recovered· over and above the amount that the employer or insurer, or both, have paid or are liable for. in compensation to such beneficiary or beneficiaries, after deducting reasonable cost of collection, and in no event shall the beneficiary receive less than one. third the amount recovered from the third party, less the reasonable cost of collection. . . .

"(2) The commencement of an action by an employee or his dependent against a third party for damages by reason of an accident covered by sections 102.03 to 102.34, inclusive, or the adjustment of any such claim, shall operate as a waiver of any claim for compensation against the employer."

The argument made on behalf of the defendant that a principal contractor who is under the workmen's compensation law is not a "third party" or "other party" within the meaning of this section is very persuasive. A consideration of the terms of·the act makes it plain that the legislature did not intend that those subject to its provisions and who might be liable under it to an injured employee should be liable to such an employee in any other way or to any greater extent than the act provides. By its terms it is exclusive of all other liability (sec. 102.03) as to those subject to its provisions and within its terms.

By sec. 102.06, Stats., it is provided that an employer under the act shall be liable for compensation to an employee of a subcontractor not under the act, or who has failed to comply with the provisions of the act relating to insurance, as if the employee of such a subcontractor had been working directly for the employer. .

The purpose of the act is fully set forth in *Borgnis v. Falk Co.* 147 Wis. 327, 133 N. W. 209, and *Milwaukee v. Miller,* 154 Wis. 652, 660, 144 N. W. 188.

It has also been held by this court that the workmen's compensation law applies even though the employer has maintained a place of employment which is not reasonably safe and therefore maintained in violation of the statute. *Knoll v. Shaler,* 180 Wis. 66, 192 N. W. 399.

This court is also committed to the proposition that liability under the workmen's compensation law is an incident to the contract by which the relation of employer and employee is created, and, while the liability is statutory, it is contractual in its nature rather than tortious. *Anderson v. Miller S. I. Co.* 169 Wis. 106, 170 N. W. 275, 171 N. W. 935.

However, it appears in this case that the defendant is a foreign corporation, having its principal office and place of business in the state of Illinois. At the time the plaintiff sustained his injuries the defendant had but two employees in this state—Brosnahan and his bookkeeper or secretary. It is quite clear under the terms of the statute that the employees of an independent contractor are not to be counted in determining whether or not the principal contractor is under the act. Sec. 102.06, heretofore referred to, provides that an "employer subject to the provisions of the act" shall be liable. A condition of the liability there prescribed is that the employer is under the act when the contract is made or at least when the liability arises. Adhering as we do to the doctrine that the liability of the employer under the workmen's compensation law is statutory and contractual in its nature, certainly the employees of the defendant without the state cannot be counted to bring it within the terms of the act. While in its answer the defendant alleged that it was a foreign corporation and not engaged in transacting business within the state of Wisconsin, that is a circumstance to be considered, but it is not conclusive. Being a foreign corporation, having but two employees at most within the state and not having elected to come within the provisions of the act as provided in sec. 102.05, the defendant was not an employer subject to the provisions of the act and therefore could not be held liable under the provisions of sec. 102.06, hereinbefore referred to, as a principal contractor, and is therefore a "third party" or "other party" within the meaning of the workmen's compensation act.

It is the second contention of the defendant that it had
ordered the Cream City Cartage Company not to use the
derrick, and it is therefore claimed that the Cream City
Cartage Company and its employees were trespassers at the
time the accident occurred. It is provided by sec. 101.06:

"Every employer and every owner of a place of em-
ployment . . . shall so construct, repair or maintain such
place of employment . . . as to render the same safe."

By sub. (11), sec. 101.01, the term "safe" as applied to
a place of employment means "such freedom from danger
to the life, health, safety or welfare of employees . . . as
the nature of the . . . place of employment . . . will rea-
sonably permit."

The liability of the defendant in this case is predicated
upon its failure to comply with these statutory provisions.
The jury found that the defendant did not forbid the use of
the derrick by the Cream City Cartage Company, the plaint-
iff's employer, and the trial court permitted that finding to
stand. The jury also found that the Cream City Cartage
Company did not know that the derrick was unsafe prior to
July 20, 1921, when the undisputed overwhelming testimony
shows that the defects complained of were disclosed while
the Cream City Cartage Company was operating the derrick
prior to the date of the injury. A careful examination of
the evidence shows it to be an undisputed fact that the de-
fendant upon two occasions had instructed the Cream City
Cartage Company not to use the derrick. It is claimed by
the plaintiff that this evidence is disputed by the testimony
given by the employees of the Cream City Cartage Company.
This evidence is to the effect that the platform was used by
the Cream City Cartage Company after its use had been
forbidden, but it is nowhere shown that this was done with
the knowledge of the defendant or Mr. Brosnahan, its Wis-
consin representative. From the shipping bills it further ap-
pears that every consignment after about the 1st of January,

Sheban v. A. M. Castle & Co. 185 Wis. 282.

1921, was made to the Reed street derrick, a derrick owned by the Chicago, Milwaukee & St. Paul Railway Company, or to the Cream City Cartage Company. The very car upon which the plaintiff was working at the time he sustained his injuries had been set in at the Reed street derrick, and Mr. Stein, the president and manager of the Cream City Cartage Company, had caused it to be switched over to the *Castle* platform. It also appears that he had caused other cars, as he described it, to be "slipped" from the Reed street yard to the defendant's unloading platform. It is claimed also by the plaintiff that its use was forbidden for the reason that the defendant did not wish to make certain improvements upon the derrick which it was requested to do by the Cream City Cartage Company. The grounds upon which it had forbidden its use are immaterial if it is established that the defendant had forbidden Mr. Stein or the Cream City Cartage Company to use it. The testimony of Mr. Brosnahan, Mr. Olson, and Mr. Stein, taken together with the fact that after January, 1921, when the use of the derrick was first forbidden by the defendant, all consignments of heavy steel were thereafter made to the Reed street derrick, being uncontradicted, must be accepted as establishing that fact.

"Where unimpeached witnesses testify from accurate and positive knowledge of the facts concerning which they speak, their evidence is not controverted so as to make a jury question by indefinite statements, by mere negative testimony, or by doubtful inferences that might be drawn from facts concerning which there is no dispute." *Johnson v. Ætna L. Ins. Co.* 158 Wis. 56, 147 N. W. 32. See, also, *Rieck v. C. & M. E. R. Co.* 160 Wis. 232, 151 N. W. 243.

There is no support in the evidence for the finding by the jury that the Cream City Cartage Company had not been instructed not to use the derrick. The evidence upon that point is undisputed.

The defendant did not furnish a place of employment

within the meaning of the statute under the circumstances of this case.   The plaintiff's employer had no lawful right to use the derrick and was a trespasser in so doing.   The defendant is therefore not liable to the plaintiff.

*By the Court.*—Judgment appealed from is reversed, and the cause remanded with directions to dismiss the plaintiff's complaint.