Beck, Appellant, vs. Hamann and another, Respondents.*

*January 6—February 3, 1953.*

* Motion for rehearing denied, with $25 costs, on March 31, 1953.

132

For the appellant there were briefs by *Walter W. Rockteschel, Brooke Tibbs,* and *Howard H. Boyle, Jr.,* all of Milwaukee, and oral argument by *Mr. Boyle.*

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb, Richard S. Gibbs,* and *Edmund W. Powell* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

MARTIN, J.   Sec. 102.03 (1), Stats., provides that liability under the Workmen's Compensation Act shall exist against an employer only where the following conditions concur:

"(a) Where the employee sustains an injury.

"(b) Where, at the time of the injury, both the employer and employee are subject to the provisions of this chapter.

"(c) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment. . . .

"(d) Where the injury is not intentionally self-inflicted.

"(e) Where the accident or disease causing injury arises out of his employment. . . ."

Sub. (2) of the statute provides that:

"Where such conditions exist the right to the recovery of compensation pursuant to the provisions of this chapter shall be the exclusive remedy against the employer."

Appellant contends, first, that the phrase "exclusive remedy against the employer" was used in a definite but limited sense, that the word "employer" is used in the sense of "agency of industry." It is argued that the act covers only inadvertent misconduct amounting to ordinary negligence; that the commission of a wanton and wilful wrong is a person's individual

act and the legislature did not intend that a person committing such an act should be relieved of personal liability therefor merely because he happens to be the employer of the injured party.

Appellant sets forth in one of the affidavits certain discussions allegedly taking place in 1909 between members of the industrial insurance committee of the legislature and its counsel, which, it is contended, support the view that the then proposed legislation should reach the situation where an employee suffers an accident incidental to his employment, not caused by wilful misconduct, leaving the employee to his common-law remedy for wilful misconduct.

It is further argued that a construction of the "exclusive remedy" clause which would relieve an employer from personal liability for his deliberate misconduct would destroy an employee's personal rights which our state and federal constitutions were designed to protect; that it would also result in an unconstitutional classification as between corporate and noncorporate employees in allowing the common-law remedy to the one and denying that remedy to the other.

Appellant's second contention is that the receipt of compensation does not prevent common-law action for further compensatory and punitive damages where injuries are wilfully inflicted by the employer, since the award of compensation under the act does not take into account the employee's pain and suffering and allowable punitive damages. Under such circumstances, it is claimed that the doctrine of election does not apply, there being no inconsistency between the remedy at common law for complete recovery and punitive damages and the receipt of a limited compensation award under the act.

In our opinion, the case resolves itself into one question: Can sec. 102.03, Stats., be construed to permit an action at common law by an employee against his employer for injuries growing out of and incidental to his employment?

There is no dispute as to whether the conditions of liability outlined in sec. 102.03 (1), Stats., exist in the instant case. Appellant concedes that they do. The question is whether the language of sub. (2) that—

"Where such conditions exist the right to the recovery of compensation pursuant to the provisions of this chapter shall be the exclusive remedy against the employer."

permits a construction allowing appellant to maintain a cause of action against his employer individually for injuries suffered by reason of the employer's gross negligence.

Appellant has cited many cases ruling the construction of statutes. However, the rule that no construction is permitted where no uncertainty or ambiguity exists, is so elementary as to require no citation of authority. The words of the statute are clear and must be given their obvious and ordinary meaning. Appellant's argument is an attempt to bring uncertainty or ambiguity into the plain language of the section and then apply rules of construction to arrive at the meaning he claims it should have.

Although the question here is one of first impression in this state in that no other case has alleged gross negligence on the part of an employer, this court has frequently had occasion to consider the "exclusive remedy" provision of the act.

It was recently said in *Guse v. A. O. Smith Corp.* (1952), 260 Wis. 403, 406, 51 N. W. (2d) 24:

". . . the legislature intended to impose upon employers an absolute liability, regardless of fault; and in return for this burden, intended to grant employers immunity from all tort liability on account of injuries to employees."

In that case it was held that the husband of an employee injured in the course of her employment could not maintain an action against the employer for loss of consortium as the

result of the injury, since the liability of the employer is solely under the act.

Likewise, in *Deluhery v. Sisters of St. Mary* (1943), 244 Wis. 254, 12 N. W. (2d) 49, where a father sought to recover certain expenses incurred on behalf of his minor daughter, the employee, and it was contended that he had a common-law right which was not barred by sec. 102.03 (2), Stats., this court held that the father's right to recover did not exist where the relation of employer and employee existed between the defendant and the daughter who were both subject to the act.

See also *Vick v. Brown* (1949), 255 Wis. 147, 38 N. W. (2d) 716; *Knoll v. Shaler* (1923), 180 Wis. 66, 192 N. W. 399; *Anderson v. Miller Scrap Iron Co.* (1919), 169 Wis. 106, 170 N. W. 275, 171 N. W. 935.

Under the present provisions of the act, we cannot hold that gross negligence on the part of an employer places his liability to the employee outside the compensation act. In *John H. Kaiser L. Co. v. Industrial Comm.* (1923), 181 Wis. 513, 195 N. W. 329, where the injuries were intentionally inflicted by another employee, it was said that an accident is a fortuitous event, unexpected and unforeseen by the injured person, and that even though the injury was intentionally inflicted by another, if it was unforeseen and unexpected by the person injured, it constituted an accident within the meaning of the act.

Appellant cites *Boek v. Wong Hing* (1930), 180 Minn. 470, 231 N. W. 233, in which it was held that an employer who intentionally and maliciously assaulted an employee could not avoid liability for damages on the ground that compensation was available. The court there held that under the provisions of the Minnesota act the employer severed the employment relationship when he committed the felonious assault, leaving it to the election of the employee to seek redress either under the compensation act or under the common law.

The facts of that case are similar to the facts before us, but we cannot hold that they take the matter out of the provisions of the Wisconsin act that "the right to the recovery of compensation pursuant to the provisions of this chapter shall be the exclusive remedy against the employer." This language is not found in the Minnesota act.

All of our authorities hold to the view that in enacting the Wisconsin act the legislature intended to give employees the benefits of compensation for injuries, whether caused by another's negligence or their own, and in return withhold their right of common-law action against their employers for such injuries. The act thus constitutes a complete substitute for the previous remedies in tort on the part of the employee. If we were to construe the "exclusive remedy" clause as appellant would have us do, we would be performing a legislative, not a judicial, function. The legislature has expressly excluded from the act compensation for injuries which are intentionally self-inflicted. It could as easily have excluded compensation for injuries wilfully inflicted by the employer if it had intended that exception to the "exclusive remedy" rule. As stated above, no cases have arisen in which an employee has sought in a common-law action to recover additional compensation or punitive damages from his employer by reason of his gross negligence. The nonexistence of such cases throughout the long period of time since the act was passed indicates that there has been universal acceptance of the interpretation that compensation is the exclusive remedy, and if a different interpretation is to be placed upon sec. 102.03, Stats., it will have to be expressed, not by this court, but by the legislature.

In questioning the constitutionality of the act as so applied, appellant ignores the fact that this court and the United States supreme court have long recognized the power of the legislature to vary the rules of the common law as to persons in the relation of employer and employee. *Borgnis v. Falk*

*Co.* (1911), 147 Wis. 327, 133 N. W. 209; *New York Central R. Co. v. White* (1917), 243 U. S. 188, 37 Sup. Ct. 247, 61 L. Ed. 667.

But, in any event, appellant is not entitled to raise the question. He has applied for and received benefits under the act, and by doing so has admitted that all the conditions exist which bring the act into play. Having accepted the benefits of the act, he is in no position to attack its constitutionality. It was held in *Schutt v. Kenosha* (1950), 258 Wis. 83, 44 N. W. (2d) 902, that one applying for and receiving a license to deliver milk in a city, and thus accepting the benefits of the licensing ordinance, waived his right to contest the constitutionality of certain provisions in the ordinance regarding inspection fees. The court there quoted from *Fahey v. Mallonee* (1947), 332 U. S. 245, 255, 67 Sup. Ct. 1552, 91 L. Ed. 2030:

"It is an elementary rule of constitutional law that one may not 'retain the benefits of the act while attacking the constitutionality of one of its important conditions.' "

In view of our holding that compensation under the act is the exclusive liability of the employer, it is not necessary to consider the question raised regarding election of remedies and other matters discussed in the briefs.

*By the Court.*—Judgment affirmed.