Albert, Plaintiff and Respondent, v. Regal Ware, Inc., Defendant and Respondent: John Hennes Trucking Company and another, Interpleaded Defendants and Appellants.*

*February 4—March 3, 1959.*

* Motion for rehearing denied, with $25 costs, on May 5, 1959.

For the appellants there was a brief by *Moore & Moore* of Milwaukee, and oral argument by *Raymond J. Moore*.

For the respondent Gilbert Albert there was a brief by *Goldberg, Previant & Cooper* of Milwaukee, and oral argument by *Albert J. Goldberg*.

For the respondent Regal Ware, Inc., there was a brief and oral argument by *Emmet Horan* of Milwaukee.

BROADFOOT, J. The motion on behalf of the trucking company was based on the fact that plaintiff's injuries were received during the course of his employment by the trucking company and that he was paid workmen's compensation pursuant to ch. 102, Stats.

The plaintiff takes no position as to the motion so far as the trucking company is concerned. Regal Ware, Inc., op-

poses that part of the motion because it contends there are issues of material fact raised by its pleadings and those of the interpleaded defendants Fries, Hennes, and Maryland Casualty Company. It contends that in the event that Regal Ware is adjudged to be liable to the plaintiff in any amount, then Regal Ware will be entitled to indemnification in full from the interpleaded defendants on the ground that the accident referred to in the complaint was caused solely and proximately by the negligence of Fries and his employer, and because there was no fault on the part of Regal Ware.

We cannot conceive of such a contingency arising in this case. The courts will not stand idly by and permit Regal Ware to be held liable unless the plaintiff meets his burden of proof and establishes that some negligence on the part of Regal Ware caused or contributed to his injuries. Under the circumstances here the exclusive remedy of the plaintiff against his employer is under the Workmen's Compensation Act. (Sec. 102.03, Stats.) *Beck v. Hamann,* 263 Wis. 131, 56 N. W. (2d) 837; *Guse v. A. O. Smith Corp.* 260 Wis. 403, 51 N. W. (2d) 24. The trial court therefore was in error in refusing to dismiss the John Hennes Trucking Company as a party to the action.

The motion on behalf of Maryland Casualty Company was based on an indorsement on the comprehensive automobile liability policy issued by the company to the John Hennes Trucking Company. The material portion of that indorsement reads as follows:

"It is agreed that such insurance as is afforded by the policy for bodily injury liability and for property damage liability applies subject to the following provisions:

"1. The insurance applies to any air compressor, asphalt or tar spreader, concrete mixer, crane, ditch or trench digger, sand blasting or building-surface cleaning machinery, steam or gas shovel, tree or other spraying equipment, vacuum

cleaner, welder, well driller, or road-maintenance machinery, incapable of moving under its own power, while towed by any automobile covered by like insurance in the company.

"2. The insurance does not apply to any accident arising out of the operation of any air compressor, crane, ditch or trench digger, sand blasting or building-surface cleaning machinery, steam or gas shovel, tree or other spraying equipment, vacuum cleaner, welder, or well driller unless such operation is solely for the purpose of locomotion.

"Effective on and after November 1, 1952.

"Nothing herein contained shall be held to vary, alter, waive, or extend any of the terms, limits, or conditions of the policy, except as hereinabove set forth."

The insurance company contends that the vehicle driven by Fries was a crane and that it was not being used solely for the purpose of locomotion. The plaintiff and Regal Ware contend that the vehicle was a boom truck; that it was not a crane and that it was being used solely for the purpose of locomotion. No picture of the vehicle is in the record and we who are not mechanics must conjure up a mental image thereof from the meager descriptions that do appear in the record. Apparently the vehicle was originally an army truck. It contains a motor and a cab from which the driver can operate it. There appears to be no platform on the truck but a sectional boom is bolted to the truck frame. This boom extends upward and to the rear and can be extended a distance of 35 feet. It was extended to a distance of 30 feet at the time of the accident. There is a pulley at the end of the boom over which a cable passes. This cable runs to a winch between the boom and the cab which is likewise bolted to the frame of the truck. The winch is operated with power from the truck motor. It is designed to raise and lower heavy objects. The vehicle was used in connection with other machines in unloading heavy machinery at the plant of Regal Ware. This machinery had come inclosed in wooden crates and at the time of the accident one of the

wooden crates had been attached to the cable, raised approximately two feet from the ground, and the vehicle was moving the crate to a near-by field where it was to be deposited for storage. While transporting the crate the boom came into contact with the electric wires and plaintiff received his injuries as a result thereof.

The affidavits in support of the motion for summary judgment and those opposed thereto differed materially in the description, usefulness, and mode of operation of the equipment in question. Several different definitions of a crane are cited in the briefs. Apparently this was not a standard piece of equipment. It seems to be a hybrid, homemade item that was useful to and used by the trucking company in its operations. The trial court held that there was a material issue of fact to be decided as to whether the equipment involved was or was not a crane. We agree with its determination. The trial court was therefore correct in denying the motion for summary judgment as to Maryland Casualty Company.

*By the Court.*—Order reversed. Cause remanded with directions to enter an order granting the motion for summary judgment as to John Hennes Trucking Company and denying the motion as to Maryland Casualty Company.

CURRIE, J. (*dissenting in part*). I respectfully dissent from that part of the majority opinion which holds that the trial court properly denied the motion of Maryland Casualty Company for summary judgment dismissing the complaint and cross complaints against it.

The vehicle operated by Fries was equipped with a long boom which can be extended to a distance of 35 feet from the truck chassis. Such boom is equipped with a winch and cable, and such cable can be lowered from the outward end of the boom. By means of such cable and winch heavy objects may be lifted vertically and then moved forward, back-

ward, or to either side by moving the vehicle itself, not by swinging the boom. At the time of the accident a heavy crate suspended from the boom was being moved from one place to another on the premises of the defendant Regal Ware, Inc. Such a piece of mechanical equipment is not designed for moving objects along public highways but is only adaptable for use on private premises in moving objects short distances.

The following definitions clearly establish this vehicle to be a crane:

The Encyclopedia Americana (1958 ed.), Vol. 3, p. 157:

"Crane, a hoisting machine so constructed as to move loads both vertically and in other directions. . . . Cranes can be both operated or driven by electric, steam, Diesel, pneumatic, or hydraulic power. They can be (1) of the stationary type; (2) operated along overhead, side-wall, or ground rails limited to a plant area; or (3) *mounted on a truck* or caterpillar chassis or railroad car for mobility. The variety of sizes and designs is extensive. . . ." (Emphasis supplied.)

Encyclopedia Britannica (1958 ed.), Vol. 6, p. 635:

"Strictly speaking, the name alludes to the arm or jib from which the load to be moved is suspended, *but it is now used in a wider sense to include the whole mechanism by which a load is raised vertically and moved horizontally."* (Emphasis supplied.)

The words, "whole mechanism" which appear in the foregoing definition of "crane" from the Encyclopedia Britannica, mean the truck portion of the vehicle together with the boom and winch.

It is highly significant that one of the counsel for the plaintiff, in his affidavit in support of the motion for interpleading Maryland Casualty Company, averred that "the plaintiff was injured due to a moving crane coming in con-

tact with overhead wires." This affidavit, of course, was made before counsel was aware of the wording of the policy indorsement quoted in the majority opinion.

There cannot be the slightest doubt but that the crane was not being operated *"solely for the purpose of locomotion"* because it is undisputed that it was being used to move the suspended crate of machinery from one place to another.

It seems very clear to me that the Maryland Casualty Company by its indorsement had no intention of extending coverage to self-propelled machines like trench diggers or cranes when performing their ordinary special function on private premises or off the traveled portions of public highways, but only intended such coverage to apply thereto when they were being propelled upon the public highways in going from one location to another.

For the reasons herein stated, I deem it was error not to have granted Maryland Casualty Company's motion for summary judgment.