**NORTHLAND INSURANCE COMPANY, Plaintiff,**

v.

**TRUCKSTOPS CORPORATION OF AMERICA, d/b/a Truckstops of America, Defendant.**

**Susan Mae SMITH, as Special Administrator of the Estate of Willie Earl Powell, Deceased, Plaintiff,**

v.

**TRUCKSTOPS CORPORATION OF AMERICA, a foreign corporation; Truckstops Corporation of America, d/b/a Truckstops of America, a foreign corporation; B.P. Exploration and Oil, Inc., a foreign corporation; and British Petroleum America, Inc., a foreign corporation, Defendants.**

**Nos. 92 C 3357, 92 C 8265.**

United States District Court, N.D. Illinois, Eastern Division.

Nov. 21, 1995.

---

David M. Baum, Reibman, Hoffman and Baum, Chicago, IL, for Smith.

Joseph Stalmack, Galvin, Stalmack and Kirschner, Hammond, IN, for Truckstops Corporation of America.

## MEMORANDUM AND ORDER

MORAN, Senior District Judge.

Willie Powell, the decedent herein, was a Wisconsin resident and at the time of his death was employed as a truck driver by Gateway Transportation, Inc., (GT) a Wisconsin trucking company. While in the course of his employment decedent stopped at the facility of defendant Truckstops of America, an Illinois company, just south of the Illinois state line, to have some brake work done on his truck. When the work was completed decedent continued on his trip to Tennessee, where the next day he was killed when his brakes allegedly failed. A Wisconsin state court declared the minor Ian Willie Powell to be the decedent's son; the Wisconsin employer paid workers' compensation; an estate was opened in Wisconsin; and the estate's administratrix, Ian's mother, brought this wrongful death and negligence action in an Illinois state court, where it was removed to this federal district court.

In a memorandum and order on August 18, 1995, this court held that Illinois substantive law applied to the damages issue, but the question as to what law would apply to the issue of contributory and comparative negligence was left open. Before us now is defendants' motion in limine to determine which state's substantive law is to govern the issues of decedent's employer's contributory negligence and plaintiff-employee's comparative negligence. For the reasons set forth below, the comparative fault law of Tennessee applies.

### DISCUSSION

#### A. Choice of Law Rules

■ A federal court sitting in diversity must decide which state's substantive law is to govern the action. Generally, the substantive law of the forum state will apply. However, if the forum state's law is challenged by one of the parties we must apply the forum state's choice of law rules to select the applicable substantive law. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020,

85 L.Ed. 1477 (1941); *Pittway Corp. v. Lockheed Aircraft Corp.,* 641 F.2d 524, 526 (7th Cir.1981).

■ Illinois choice of law rules dictate that the law of the state where the injury occurred (*i.e., lex loci delicti*) shall apply "unless another state has a more significant relationship to the occurrence or to the parties involved." *Miller v. Long–Airdox Co.,* 914 F.2d 976, 978 (7th Cir.1990) (quoting *Ferguson v. Kasbohm,* 131 Ill.App.3d 424, 86 Ill.Dec. 605, 607, 475 N.E.2d 984, 986 (1985)); *Ingersoll v. Klein,* 46 Ill.2d 42, 262 N.E.2d 593 (1970). *See also* Restatement (Second) of Conflicts § 146. Illinois' significant relationship test is more qualitative than quantitative—we do not merely count the number of contacts each state has to the controversy, we apply what is known as "interest analysis," which requires us to isolate the individual issues, determine the conflict in the competing state policies, and examine the contacts of the various jurisdictions to decide which state has a superior interest in having its policy or law applied. *Mitchell v. United Asbestos Corp.,* 100 Ill.App.3d 485, 55 Ill.Dec. 375, 426 N.E.2d 350 (1981). Illinois follows the interest analysis in the Restatement (Second) of Conflicts § 6:

> (2) When there is no [statutory] directive, the factors relevant to the choice of the applicable rule of law include:
>
>> (a) the needs of the interstate and international system
>>
>> (b) the relevant policies of the forum,
>>
>> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>>
>> \*    \*    \*    \*    \*    \*
>>
>> (e) the basic policies underlying the particular field of law,
>>
>> \*    \*    \*    \*    \*    \*
>>
>> (g) ease in the determination and application of the law to be applied

Restatement (Second) of Conflicts § 6(2),[1] and § 145:

---

1. Factors (d) and (f) are of relative unimportance in the area of torts. Rest. (2d) of Conflicts § 145, comment b.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflicts § 145(2).

### B. *The Laws and Policies of Tennessee, Wisconsin, and Illinois*

▮▮▮ We begin with a determination of the states' laws and policies [2] and note that all three jurisdictions have adopted some type of modified comparative fault system. *McIntyre v. Balentine*, 833 S.W.2d 52, 53 (Tenn.1992) (49% modified form); Wis.Stat. Ann. § 895.045 (1995) (50% modified form); *Alvis v. Ribar*, 85 Ill.2d 1, 52 Ill.Dec. 23, 34–35, 421 N.E.2d 886, 897–98 (1981) (pure form), superseded by statute, 735 ILCS 5/2–1116 (West 1995) (50% modified form). All three jurisdictions moved from the "all or nothing" dilemma inherent in the contributory negligence defense to the comparative negligence system, to ameliorate the penalties otherwise assessed against a somewhat negligent but gravely injured plaintiff. *McIntyre*, 833 S.W.2d at 56; *Pachowitz v. Milwaukee & Suburban Transport Corp.*, 56 Wis.2d 383, 202 N.W.2d 268, 270 (1972); *Alvis*, 52 Ill.Dec. at 29–32, 421 N.E.2d at 892–95. The states differ, though, in the type of modified system they have adopted. Tennessee's 49% modified form of comparative negligence puts a greater burden on the plaintiff—he must first show that his negligence is *less than* defendant's negligence. Only then would the defendant be responsible for his portion of the injury. Wisconsin and Illinois have adopted the 50% modified form, which requires the plaintiff to show that his negligence is *less than or equal to* defendant's negligence before he can recover the damages for which the defendant is responsible.

Second, the workers' compensation statutes in all three jurisdictions provide an injured employee with her exclusive remedy against the employer. *See* Tenn.Code Ann. § 50–6–108(a) (1991); *Harman v. Moore's Quality Snack Foods, Inc.*, 815 S.W.2d 519, 514, 524 (Tenn.App.Ct.1991), *appeal denied*; Wis.Stat.Ann. § 102.03(2) (West 1995); *Mulder v. Acme–Cleveland Corp.*, 95 Wis.2d 173, 290 N.W.2d 276 (1980); 820 ILCS 305/5(a) (1995); *Crespo v. Weber Stephen Products Co.*, 275 Ill.App.3d 638, 212 Ill.Dec. 1, 656 N.E.2d 154 (1995). The three laws differ, however, with respect to whether a defendant can raise the defense of contributory negligence on the part of an employer for purposes of fault allocation or proceed against the employer in an action for contribution or indemnification.

The Tennessee Supreme Court, when it adopted comparative fault as the law for the jurisdiction, provided "some guidance to the trial courts charged with implementing [the] new system.... [F]airness and efficiency require that defendants called upon to answer allegations in negligence be permitted to allege, as an affirmative defense, that a non party caused or contributed to the injury or damage for which recovery is sought." *McIntyre*, 833 S.W.2d at 57–58 (*dicta*). A subsequent decision has clearly held "that defendants should be allowed ... to assert plaintiff's employer's negligence as an affirmative defense." *Ridings v. Ralph M. Parsons Co.*, No. 02A01–9306–CV–00128, 1994 WL 114598, (Tenn.App.Ct. Apr. 4, 1994) at *1 (unpublished opinion). The court also provided clear support for its holding that

the exclusive remedy provision of the Tennessee Workers' Compensation Act does not conflict with the comparative negligence principal of aligning fault with liability announced in *McIntyre* because apportioning fault to an employer in a third party action does not subject the employer to liability. Further, such consideration

---

**2.** Since the needs of our federal system are always an issue when faced with a choice of law question (factor (a)) and since the ease in applying the selected law (factor (g)) cannot trump the need for good rules, we focus our attention on the relevant policies (*i.e.*, factors b, c and e).

does not eliminate an employer's immunity from tort liability for this same reason. . . . Failing to include immune employers in the apportionment process violates the main purpose of comparative fault by improperly subjecting the defendants to liability in excess of their proportion of fault. *Id.* at *3.

■■■ From these two decisions it appears that contribution or indemnification from the non-party employer is not allowed under Tennessee law. Wisconsin also does not allow a defendant to seek contribution or indemnification from a non- or third party employer. *Henning v. General Motors Assembly Division,* 143 Wis.2d 1, 419 N.W.2d 551, 561 (1988) ("While an employee . . . may bring an action against a third party, the third party may not receive contribution or indemnification from the City in the present case, since the employee has failed to establish the involvement of the City in his injury as a persona distinct from its status as an employer. To permit such a right of contribution or indemnification to a third party in the facts *sub judice* would circumvent the exclusive remedy provision built inextricably into the worker's compensation system"); *Albert v. Regal Ware Inc.,* 6 Wis.2d 519, 95 N.W.2d 240, 241 (1959). Perhaps more surprising is that "[u]nder [Wisconsin law] a third party must absorb the negligence percentage of the employer." *Ladwig v. Ermanco,* 504 F.Supp. 1229, 1239 (E.D.Wis. 1981). Thus, under Wisconsin law, where an employer is found 70% negligent, an employee 5%, and a defendant 25%, the defendant must pay 95% of the damage award. *Schuldies v. Service Machine Co.,* 448 F.Supp. 1196 (E.D.Wis.1978). Illinois, on the other hand, would allow the defendant in the case *sub judice* to seek contribution or indemnification from the plaintiff's employer. *Doyle v. Rhodes,* 101 Ill.2d 1, 77 Ill.Dec. 759, 762–63, 461 N.E.2d 382, 385–86 (1984), *rehearing denied.*

### C. *Interest Analysis*

■■■ We begin with the issue of decedent's comparative negligence. Plaintiff argues that Illinois law should apply, and defendant that Tennessee law should apply. Since the decedent was a domiciliary of neither state, we analyze his conduct. Decedent's only conduct in Illinois was passive—he brought his truck to the defendant's business to have his brakes repaired. On the other hand, decedent's conduct in Tennessee was far more active. Defendants allege that decedent "ignored safety provisions provided by the state of Tennessee. Tennessee established a mandatory truck inspection station at the top of Monteagle. . . . [Defendant] has reason to believe that the decedent ignored stopping at this mandatory stop inspection" (def. memo at 6). While unyielding application of *lex loci delicti* is problematic when neither party is domiciled in that forum,

> [e]xperience and analysis have shown that certain issues that recur in tort cases are most significantly related to states with which they have particular connections or contacts. So, for example, a state has an obvious interest in regulating the conduct of persons within its territory and in providing redress for injuries that occurred there. Thus, subject only to rare exceptions, the local law of the state where conduct and injury occurred will be applied to determine whether the actor satisfied minimum standards of acceptable conduct and whether the interest affected by the actor's conduct was entitled to legal protection.

Restatement (Second) of Conflicts § 145, comment d. Moreover, "when the tort rule is designed primarily to compensate the victim for his injuries, [ (which the comparative fault standard clearly does) ], the state where the injury occurred . . . may have the greater interest in the matter." Restatement (Second) of Conflicts § 145, comment c. Thus, because the place where the injury occurred appears to raise issues unique to Tennessee, and because the comparative fault rule is primarily a means of compensating victims and most of the victim's conduct occurred in Tennessee, Tennessee has a superior interest in having its comparative fault law applied.[3]

---

**3.** Since our decision does not conflict with the rule of *lex loci delicti* we need not decide how difficult the burden is to overcome Illinois' presumption for that rule.

With regard to the issue of the employer's comparative negligence, plaintiff argues that Wisconsin or Illinois law should apply, and, defendant, that Tennessee or Illinois law should apply. Illinois law would allow defendants to proceed against the decedent's employer for contribution or indemnification; Tennessee law would hold defendant liable only for his portion of the injury; Wisconsin law would force the defendant to absorb the full measure of the damage award, including any portion attributable to the employer's contributory negligence.

The major difference between the three laws, then, has to do with liability and who bears the burden of any damage award. If we were to apply Illinois law to the issue of the employer's negligence there is a good chance that the defendant would implead the employer or proceed against GT in an action for contribution or indemnification. If successful, this would be tantamount to holding the employer liable. However, in our memorandum and order of August 18, 1995 we said that "[i]f, for example, the issue related to any liability of the employer, it is evident that Wisconsin would have a significant interest" (at p. 3). The employer is located in Wisconsin; its negligence, if any, occurred there; and the decedent was covered by the Wisconsin workmen's compensation system. Thus, we conclude that Illinois law cannot apply to the issue of the employer's liability, which leaves us with a choice of relying upon one aspect of Illinois law, Tennessee law or Wisconsin law.

Since it is the defendant's liability that is most at issue here, perhaps the law of his domicile should apply because we presume that it is with that law that he has structured his conduct. Yet, we have already decided that Illinois law cannot apply at least to the extent it could make the employer liable. The impact upon defendant of comparative fault allocation is, however, the same under both Tennessee and Illinois law, so it makes no difference whether we turn to the law of defendant's domicile or the law of the state where the injury occurred. In those circumstances we should, we believe, rely upon the presumption and follow Tennessee law.

## CONCLUSION

Since the interest analysis leads us to a conclusion consistent with application of *lex loci delicti,* we hold that Tennessee law applies to the issue of decedent's comparative fault and decedent's employer's contributory negligence.