NORTHERN DISCOUNT COMPANY, INC., Respondent, v. LUEBKE and others, Appellants.*

*January 8—February 3, 1959.*

* Motion for rehearing denied, without costs, on April 7, 1959.

314

For the appellants there were briefs by *Cavanagh, Mittelstaed, Sheldon, Heide & Hartley* of Kenosha, and oral argument by *William A. Sheldon.*

For the respondent there were briefs by *Konnak & Constantine* of Racine, and oral argument by *Charles M. Constantine.*

CURRIE, J. At common law, conditional sales contracts were effective to reserve title in the seller against the buyer and all other persons unless the seller estopped himself, even though the contract was not filed or recorded. *Savage v. Pratt* (1956), 272 Wis. 170, 174, 74 N. W. (2d) 635. However, Wisconsin has adopted the Uniform Conditional Sales Act which provides for filing of conditional sales contracts. This act constitutes ch. 122, Wis. Stats. Sec. 122.05 (1) of such act provides as follows:

"Every provision in a conditional sale reserving property in the seller, *shall be void as to any purchaser from or creditor of the buyer,* who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be

filed as provided in this chapter, unless such contract or copy is so filed within ten days after the making of the conditional sale." (Italics supplied.)

In the instant case the "buyer" of the property under the conditional sales contract held by the plaintiff was Lamb. The defendants Luebke did not purchase from Lamb but from Spencer. However, sec. 122.01 (2) of the act defines the word "buyer" as "the person who buys or hires the goods covered by the conditional sale, or any *legal successor in interest* of such person." (Italics supplied.)

The very narrow issue on this appeal is whether Spencer qualifies as a "legal successor in interest" of Lamb, the original buyer. There is no question but what he was a successor in interest of Lamb so that the issue must be resolved on the basis of the meaning of the qualifying word *"legal."* It is an elementary rule of statutory construction that effect must be given if possible to every *word,* clause, and sentence thereof. *State v. Columbian Nat. Life Ins. Co.* (1910), 141 Wis. 557, 566, 124 N. W. 502. Anyone who succeeds to the interest of another in a chattel by reason of a voluntary transfer or operation of law is a successor in interest. By insertion of the qualifying word *"legal,"* the commissioners on uniform state laws, who drafted the Uniform Conditional Sales Act, must be deemed to have intended to impose some limitation.

This court apparently never before has been faced with the question of construing such statutory phrase "legal successor in interest." However, the courts of New Jersey and New York have construed the meaning thereof in the cases of *General Motors Acceptance Corp. v. Schwartz* (1937), 118 N. J. L. 25, 190 Atl. 625, affirmed without opinion, 118 N. J. L. 563, 194 Atl. 183, and *Effron v. Haile* (1951), 200 Misc. 966, 103 N. Y. Supp. (2d) 561.

The case of *General Motors Acceptance Corp. v. Schwartz,* *supra,* involves transactions which occurred partly in New York and partly in New Jersey. At the time of such transactions both states had in force and effect the Uniform Conditional Sales Act. On March 25, 1935, a Chevrolet dealer in Brooklyn, New York, sold an automobile to one Wallace under a conditional sales contract which was assigned to the plaintiff General Motors Acceptance Corporation. A copy of such contract was duly filed and recorded with the register of deeds for the county of Kings, borough of Brooklyn, on April 2, 1935. The contract contained a clause that the buyer "shall not transfer any interest in this contract or said property." In violation of such provision Wallace sold the car to one Garland. Garland, thereafter, sold the car to Pace Auto Sales, and the latter in turn sold the same in New Jersey to the defendant Schwartz who purchased without actual notice of the existence of the conditional sales contract and its terms. The plaintiff instituted a replevin action against the defendant Schwartz to recover the car. Schwartz set up as his defense the section of the New Jersey Uniform Conditional Sales Act which corresponds substantially to our sec. 122.14, Wis. Stats.[1] The New Jersey Act contains the same definition of "buyer" as does sec. 122.01 (2).

[1] Such New Jersey statute, 2 Uniform Laws, Anno., p. 23, sec. 14, provides as follows:

"When, prior to the performance of the condition, the goods are removed by the buyer . . . from another state into a filing district in this state where such contract or copy is not filed, the reservation of the property in the seller shall be void as to the purchasers and creditors described in section 5, unless the conditional sale contract or a copy thereof shall be filed in the filing district to which the goods are removed, within ten days after the seller has received notice of the filing district to which the goods have been removed."

The New Jersey court held that there had been no removal of the car from New York to New Jersey by the original buyer or any "legal successor in interest" of such original buyer. This was because the New York filing of the contract was constructive notice to Garland of the provision therein which prohibited the original buyer Wallace from selling the automobile and cited the definition of "legal" appearing in Black's Law Dictionary (2d ed.), p. 708, wherein such word is defined as: "Conforming to the law; according to law; required or permitted by law; not forbidden or discountenanced by law; good and effectual in law."

The facts in *Effron v. Haile, supra,* are very similar to those in the *General Motors Acceptance Corp. Case, supra,* except that the removal of the automobile covered by the filed conditional sales contract was from one New York filing district (town) to another. The first sale by the original buyer was made in the filing district where the contract was filed and violated a provision prohibiting sale by the buyer contained in the original contract. Although the plaintiff, the original seller, knew of the subsequent removal of the vehicle to another filing district, he took no steps to file the contract there. A further intermediate sale took place and then the defendant purchased from such further intermediate vendee. The defendant purchased the car in the second filing district without knowledge of the existence of plaintiff's conditional sales contract. The New York court held that plaintiff was entitled to recover possession of the vehicle from the defendant. The basis of such holding was that the sale by the original buyer violated the prohibition against sale contained in the conditional sales contract, and the purchaser was bound by constructive notice of such prohibition by reason of the filing of the contract. Therefore, it determined that neither such purchaser nor any of the subsequent transferees was a "legal successor in interest" of the original buyer so that the

removal from the original filing district had not been made by a "buyer" as defined in New York's Uniform Conditional Sales Act. Only where the removal is by the original buyer, or by a "legal successor in interest," is the contract rendered void by the failure of the original conditional sales contract seller to file in the second filing district after knowledge of the removal of the chattel thereto.

In the instant case Spencer, who purchased from the original buyer, Lamb, had actual, as distinguished from constructive, notice of the existence of plaintiff's conditional sales contract and was bound by the terms thereof. Therefore, he was not a "legal successor in interest" of Lamb. We would have an entirely different case if Spencer had bought without actual notice of the conditional sales contract. In such a situation we are inclined to think Spencer would have been a "legal successor in interest" because to hold otherwise would defeat the obvious objective of the Uniform Conditional Sales Act to encourage vendors to file their contracts. Vendors under conditional sales contracts should not be accorded the same protection, which is provided by a proper filing, by merely inserting in an unfiled contract a prohibition against sale.

Inasmuch as the reservations of title contained in unfiled conditional sales contracts are only made void by statute against purchasers and creditors of the original buyer, or his "legal successor in interest," they have the same validity as to all other persons that they possessed at common law. The defendants in the instant case simply do not fall within the class of persons protected by the statute.

Even if we were inclined to disagree with the interpretation of the statutory phrase "legal successor in interest" adopted by the New Jersey and New York courts, we consider that it would be our duty to follow the same if we believed there was a tenable basis for such interpretation. This is

because of the provision of sec. 122.30, Wis. Stats., which provides:

"UNIFORMITY OF INTERPRETATION. This chapter shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it."

Defendants' brief cites the cases of *Farmers & Merchants State Bank v. Schulenberg* (1937), 226 Wis. 278, 276 N. W. 333, and *Universal Credit Co. v. Finn* (1933), 212 Wis. 601, 250 N. W. 391. In both those cases creditors of the *original* conditional sales contract buyer prevailed over the vendor who had failed to file the conditional sales contract. The problem of who was "legal successor in interest" of the original buyer was not touched upon in either case.

The defendants contend that by not filing its contract, the plaintiff enabled Spencer to work a fraud upon the defendants. Therefore, it is urged that as between the defendants and the plaintiff any loss should be borne by the plaintiff. We disagree with the premise that the plaintiff's failure to file was responsible for the defendants' loss under the judgment entered below. This is because the filing of the contract would not have shown Spencer's name as buyer, but Lamb's. Therefore, if the defendants had searched the conditional sales contract filing records in the office of the register of deeds of Racine county for contracts filed under the name of Spencer, such search would have been unavailing regardless of whether plaintiff's contract had been filed or not.

The plaintiff contends that the reason the defendants may suffer a loss, if their recourse against Spencer proves fruitless, is because of their own negligence in failing to request an inspection of the certificate of title to the car as part of the transaction of purchase. The record discloses that such certificate of title, as required by sec. 342.10 (1) (b), Stats. (formerly sec. 85.01 (3) (a) ), did state the name of Hutson,

plaintiff's assignor, as a lien holder. It is also argued that such lack of diligence is the equivalent of constructive notice of the conditional sales contract. However, we find it unnecessary to pass upon such contentions in view of our holding that the judgment below must be affirmed on the ground hereinbefore considered.

*By the Court.*—Judgment affirmed.