William C. Hecht, Jr., J. P.
This action was commenced in 1960 for conversion of a 1958 automobile. The undisputed facts are as follows. Plaintiff-respondent is the assignee of a retail installment contract executed on January 10, 1958, under which one Charley Jackson, not a party to the action, purchased the car from an automobile dealer in Queens County. The contract was filed in the Register’s office in Queens County on January 15, 1958. On September 25, 1959, Jackson sold the car to Edward Keeler, also not a party to the action. Jackson and Keeler each signed the plaintiff’s printed form entitled “Transfer Agreement ” and plaintiff subsequently accepted payments from Keeler pursuant to the installment contract. The transfer agreement itself was never filed.
•The defendant, Schlossman’s, Inc., recovered a judgment against Keeler for $290.40 in July, 1959. Execution was issued to a City Marshal, who, in June, 1960, levied upon the car. A search revealed no mortgage or conditional sale on the vehicle under Keeler’s name and it is not claimed that defendants had any knowledge of Jackson’s or of plaintiff’s interest in the *614 car. The car was subsequently sold at auction in July, 1960, to the defendant St. Nance Equity Corp.
The court below, having tried the case without a jury, held that the plaintiff was entitled to recover the fair market value of the automobile at the time of the levy and sale in 1960. The trial court, in its opinion, reasoned that under common law the plaintiff, as a conditional vendor, retained a title enforcible against all the world, and section 65 of the Personal Property Law, in derogation of the common law, requiring the conditional vendor to file the installment contract in order to protect his title against subsequent purchasers or creditors of the conditional vendee, had been complied with when the original conditional sales contract was filed in Queens County. The court found no provision of law requiring the filing of the transfer agreement. It rejected defendants’ argument that sections 73 and 74 of the Personal Property Law evidenced a legislative intent to compel refiling when the conditional vendee sells with notice to the conditional vendor.
Upon this appeal, appellants contend that the transfer agreement is, in fact, a conditional sales contract, which must be filed in order that plaintiff’s reservation of title as against subsequent judgment creditors of the purchaser be protected. It is the respondent’s contention that the transfer agreement was merely a necessary form of consent by the conditional vendor to a sale by the conditional vendee to a third party, which sale was prohibited under the original installment agreement. It is not, the respondent says, a new conditional sales contract.
The court below rejected as “ without merit ” the defendant-appellants’ contention in this regard. I am constrained to disagree. I believe that the transfer agreement is, in fact, a new conditional sales agreement within the definition of section 61 of the Personal Property Law and must, therefore, be recorded in order that the plaintiff’s title be protected under the facts of this case.
Section 61 of the Personal Property Law provides, in pertinent part, as follows: ££ In this article 6 conditional sale ’ means (1) any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent time upon the payment of part or all of the price, or upon the performance of any other condition or the happening of any contingency”. It is true that the language of the transfer agreement does not explicitly reserve title in either the transferor (the original conditional vendee) or the assignee (the original conditional vendor). Nor does it explicitly state that title to the chattel is to vest in the *615 transferee (Keeler) “ upon the payment of part or all of the price ’ ’. The absence of such explicit language, however, is not conclusive. The question of construction of the agreement must be resolved by a reading of the entire contract.
The transfer agreement, drawn on a form of the plaintiff, with its knowledge and consent, contains the following provisions: (1) A sale by Jackson (transferor) to Keeler (transferee) of “ all of transferor’s right, title and interest in and to the above-mentioned chattel, subject to the terms of the original conditional sales contract ”. (2) A promise by Jackson and Keeler “ Jointly and severally to pay the total unpaid amount ” to plaintiff. (3) An assumption by the transferee of “ all of the obligations of transferor contained in said instrument [conditional sale contract] * * * as though transferee were the original purchaser or lessee of the chattel (4) The transferor’s agreement that he would remain bound by “ the obligations set forth ” in the original conditional sale contract, and his further agreement that the plaintiff might without notice to him or release of his liability thereunder, f 6 elect any remedy and compound or release any right against, and grant extensions of time to transferee ”. (5) The plaintiff’s consent to the sale “ upon the express agreement that” the transferee assumes all obligations under the original conditional sale contract “ and that said instrument is to remain in full force and effect ”. (Emphasis supplied.)
The above-cited provisions of the transfer agreement clearly and unequivocally show the plaintiff’s intent to incorporate the terms of the original conditional sale contract into the transfer agreement. The title reserved to plaintiff, pursuant to the conditional sale contract assigned to it, is clearly retained. The transfer agreement constitutes a contract of sale by which possession is transferred to the purchaser with property in the auto to vest in him only upon payment of the unpaid balance due to plaintiff. Thus, the agreement falls squarely within the definition of “ conditional sale ” as set forth in section 61 of the Personal Property Law,
Section 65 of the Personal Property Law requires filing of the conditional sale contract if the provision “ reserving property in the seller ” is to be enforcible against subsequent purchasers or creditors of the buyer, without notice. Under the transfer agreement, the “ seller ” is O. I. T., as assignee of the dealer, as well as Jackson, its transfer agent. Deemed a ‘ ‘ seller ’ ’, as that term is defined by section 61 of the Personal Property Law and having reserved property under the transfer agreement as provided in section 65, plaintiff’s failure to file the *616 transfer agreement precludes recovery against Schlossman’s, a creditor of the buyer, without notice.
That the plaintiff itself may have believed the agreement was of a nature requiring filing is evidenced by the uncompleted form found on the back of the agreement to be filled in by the filing authority.
In sum, we hold that a judgment creditor (without notice) of a transferee of the original conditional vendee is protected, when, as here, the transfer agreement incorporates the original conditional sale contract, and more particularly, when the original conditional vendor consents in writing to the transfer, but fails to file same.
The conclusion reached is, we believe, consistent with the intent of the Legislature to protect an innocent judgment creditor of the purchaser who, having no actual knowledge of the conditional vendor’s unrecorded property interest, has levied under an execution. (See McKinney’s Cons. Laws of N. Y., Personal Property Law, Book 40, § 65 and annotations thereunder; Third Party Rights Under New York Piling Statutes for Chattel Mortgages and Conditional Sales, J. S. Raphael [1957], 3 N. Y. Law Forum 385, 389.)
The judgment should be reversed, with $30 costs, and judgment directed for defendants, with costs.
Capozzoli and Hofstadter, JJ., concur.
Judgment reversed, etc.