Edward J. Greenfield, J.
In this action, plaintiff seeks a judgment confirming its right of possession to a certain 1962 Oldsmobile heretofore replevined from defendant.
Plaintiff purchased for value a conditional sales contract covering said automobile from the seller Houston Olds, Inc. The buyer of the car was one Al Di Cicco. The contract was duly filed with the Kings County Registrar on November 1, 1961, in compliance with section 66 of the Personal Property Law.
On October 26, 1962 arrangements were made by plaintiff for the transfer of equity from Di Cicco to one Lucius Townes, *1046 to whom the car had reportedly been sold. That transfer however was never recorded. Then, on November 14, 1962 Di Cicco sold the car to defendant for $2,800, and defendant took possession.
Defendant evidently was unaware of plaintiff’s interest in the car until April of 1963, when Di Cicco told him he needed $1,500 more to pay GrMAC. Defendant borrowed this money from a bank and turned it over to Di Cicco. Di Cicco never transmitted that money to plaintiff, although he evidently did maintain monthly payments until October, 1963. In April, 1964 the car was replevined from defendant’s possession, and sold. Plaintiff is holding the surplus received over the balance then due against another debt of Di Cicco.
Under the terms of the conditional sales agreement, and in accordance with section 73 of the Personal Property Law, Di Cicco as buyer was prohibited from transferring any interest in the vehicle without express permission. Defendant contends that when plaintiff consented to Di Cicco transferring his interest to Townes, its reservations of title as to Di Cicco was extinguished. However, the agreement provides that “no transfer, renewal, extension or assignment of this contract * * * shall release buyer from his obligation hereunder”, and title to the property was reserved until the obligation was fully paid. (Cf. Universal C. I. T. Credit Corp. v. Schlossman’s Inc., 42 Misc 2d 613.) That case holds that even after a transfer of equity, title is retained in the automobile, and the transferor may remain liable, but in the absence of any filing of the transfer agreement, anyone claiming through the transferee is not on notice as to the reservation of title and is protected. Here, however, defendant claims through the transferor (Di Cicco) and the filing constituted effective notice as to those claiming through him.
Plaintiff’s reservation of title to the automobile in question is its sole security, and even in a fully executed transfer of the buyer’s equity it is inconceivable that the reservation of title would be extinguished. If this were so, there would never be any consent given to a buyer to transfer his interest. In any event, it is plain that plaintiff never gave its consent to any transfer of the ear to defendant, and defendant, who claims no connection with Townes, is in no position to take advantage of any such alleged transfer of equity, whether executed or abortive. Defendant never relied on any alleged transfer to Townes. He took from Di Cicco, and plaintiff’s claim to title in Di Cicco’s car was filed and on record, constituting notice to all the world, and especially to defendant. (Baker v. Hull, 250 N. Y. 484.)
*1047 Plaintiff never having done anything to mislead defendant into believing that it had relinquished its lien on the Di Cicco car, and defendant never having relied thereon, there is no basis for any claim of estoppel. When defendant first learned there was a balance still due to GMAC on the car, he gave the money to Di Cicco to pay it off, foolishly relying on him to discharge the indebtedness. At no time prior to respossession was plaintiff aware of defendant’s interest, and it certainly never consented to any transfer to defendant. Defendant then never became a legal successor in interest to Di Cicco. (Effron v. Haile, 200 Misc. 966.)
Inasmuch as defendant never became legal successor in interest, he is hardly in a position to take advantage of any claimed irregularities in the sale of the repossessed automobile. Further, it has not been shown that he suffered any damages thereby, for the private sale produced a higher price than that obtainable on the auction.
It follows that plaintiff is entitled to a final judgment confirming its right to the automobile, and retaining the surplus of the sale to apply to the other existing indebtedness of the buyer.