PAUL M. NEWCOMB, Corporation Counsel, Sauk County
In your letter of October 2, 1974, you have informed me that the District 4 Board of Vocational, Technical and Adult Education has approved an initial resolution providing for the borrowing of $30,000,000 in promissory notes. Apparently the Board of District 4 has passed another resolution providing for the voluntary placement of the initial resolution on the November 5, 1974, ballot in referendum form. Against this background you asked the following questions:
 1) Can the Area Board of the Vocational, Technical and Adult Education District #4 voluntarily place the borrowing resolution before the electorate in referendum form on November 5th?
 2) Is the result of the referendum binding and/or advisory on the District Board?
In a sense the answer to one of your questions is moot since the referendum was approved on the November 5 ballot. However, because of the strong need for clarification of any law that bonds the citizen to the taxing power of the State, this opinion is submitted so that it may take its place in the normal development of the law.
The answer to your first question is yes. The relevant statutory law is sec. 67.12 (12) (e) 6, Stats., as created by ch. 250, Laws of 1973. This section provides:
 "6. When a vocational, technical and adult education district board adopts a resolution to borrow a sum for a stated purpose and a referendum on indebtedness is held and the question is approved at a referendum or a sufficient petition for a referendum on indebtedness is not filed within the time permitted in subd. 5 or if such petition is filed and the question is approved at a referendum, the power of the board to borrow such sum and expend the same for the purpose stated shall be deemed approved by the district electors upon the expiration of the time for filing the petition or accomplishment of the referendum, whichever is applicable." *Page 553 
 "In construing several sections of the statutes relating to a single subject, it is the duty of the court to give force and effect to the different sections and not ignore . . . them." Pelican Amusement Co. v. Pelican
(1961), 13 Wis.2d 585, 593, 109 N.W.2d 82.
 ". . . An instrument must always be construed as a whole, and the particular meaning to be attached to any word or phrase is usually to be ascribed from the context, the nature of the subject matter treated of, and the purpose or intention of the . . . body which enacted or framed the statute or constitution." 2A Sutherland, Statutory Construction, 4th Ed., sec. 46.05.
In addition,
 ". . . It is an elementary rule of statutory construction that effect must be given if possible to every word, clause and sentence thereof." Northern Discount Co. v. Luebke (1958), 6 Wis.2d 313, 316, 94 N.W.2d 605.
In applying these rules of statutory construction, it is clear that sec. 67.12 (12) (e) 5 as created by ch. 250, Laws of 1973,requires a referendum only when a proper petition is filed. Otherwise a district board "need not submit the resolution to the electors for approval." Subsection 6 goes on to provide for three circumstances by which the resolution shall be deemed approved: 1) when the board adopts a resolution "and a referendum on indebtedness is held and the question is approved . . ."; 2) "a sufficient petition . . . is not filed within the time permitted . . ."; and 3) "if such petition is filed and the question is approved at a referendum." The first circumstance can only be given effect by construing the statute as permitting a referendum called by a resolution adopted by the board. No other possibility exists.
Therefore, construing subsecs. 5 and 6 of sec. 67.12 (12) together, it must be concluded that the board need not submit the borrowing resolutions to a referendum in the absence of a petition, but that it may do so voluntarily and in lieu of a special election or referendum place the question on the ballot as provided therein.
The legislative history of ch. 250, Laws of 1973, supports this view. Section 6 of Assembly Bill 857, the parent legislation, omitted the critical words ". . . and a referendum on indebtedness is held and the *Page 554 
question is approved." However, the Assembly substitute amendment to the bill did incorporate these words, and the Senate substitute amendment and subsequent amendments did not remove them. It seems clear that the legislature did intend to permit the local boards to voluntarily hold referendums to approve borrowing.
In addition, it is my opinion that sec. 67.12 (12) (e) 5 and 6 are in para materia with sec. 67.05 (6m) (a). This latter section deals with the holding of a referendum by a vocational, technical and adult education district board on a resolution to issue bonds. This section provides that: "Any resolution adopted under sub. 1 (of sec. 67.05) at the discretion of the district board, may be submitted to the electors without waiting for the filing of a petition." In City of Milwaukee v. Milwaukee County (1965),27 Wis.2d 53, 56, 133 N.W.2d 393, the court wrote:
 "In the construction of the statutory language the legislative intent should be sought from the language of the statute in relation to its scope, history, context, subject matter, and the object intended to be remedied or accomplished, Scanlon v. Menasha (1962), 16 Wis. (2d) 437, 114 N.W.2d 791, and when there are several statutes relating to the same subject matter they should be read together and harmonized, if possible, Harris v. Halverson
(1927), 192 Wis. 71, 211 N.W. 295."
Applying this doctrine it is clear that the legislature intended secs. 67.05 (6m) (a) and 67.12 (12) (e) 5 to be construed together.
The answer to your second question is that the referendum would be binding on the district board whether initiated by the board or by petition. It seems clear that this is the only construction that can be given to subsecs. 5 and 6. In this respect, the legislature in elementary language has made it clear that where the matter is submitted to a referendum of any kind, a majority is required for approval, and failure to achieve a majority in favor constitutes disapproval of the borrowing proposal. This language cannot be considered as anything but binding upon the board.
In a postscript to your letter you have also requested a determination on the final date on which petitions can be filed. Section 67.12 (12) (e) 5 clearly provides that a petition must be filed 30 days after the publication or posting of the resolution authorizing *Page 555 
the borrowing. If the 30th day falls on a day other than a work day, the petition must be filed on the next succeeding work day.
VAM:JWC