JAMES C. EATON, District Attorney, Barron County
You have requested my opinion as to whether a particular document falls within the requirements of sec. 59.513, Stats. Subsection (1) of the statute in question reads in part:
 "(1) No instrument by which the title to real estate or any interest therein or lien thereon, is conveyed, created, encumbered, assigned or otherwise disposed of, shall be recorded by the register of deeds unless the name of the person who, or governmental agency which, drafted such instrument is printed, typewritten, stamped or written thereon in a legible manner. . . ."
The document in question does not bear the name of the draftsman or governmental agency which prepared the instrument.
The document reads in part:
 "I, . . ., Chairman of the Town of Lakeland, do hereby certify that the Town Board, of said Town of Lakeland is authorized to sell the following described property at a Town meeting held on April 4, 1961." *Page 595 
The instrument contains a description of the lands and is in compliance with the requirements of sec. 706.07, Stats., the Uniform Acknowledgment Act.
The Register of Deeds of your county, for whom you have requested this opinion, states that she was of the view that sec. 59.513 (1) pertained to all instruments except those specifically mentioned in subsec. (2).
If such were the intent of the legislature, the statute could have easily so provided by eliminating the words following the word "instrument" up to and including the word "of." The statute would then read:
 "No instrument shall be recorded by the register of deeds unless the name of the person who, or governmental agency which, drafted such instrument is printed . . ."
As can be seen from the above illustration, if one were to accept the view of the Register of Deeds, all the words of the statute following the word "instrument" up to the phrase "shall be recorded" would not be given any force and effect. Such words would be treated as mere surplusage. This construction would violate a cardinal principle of statutory construction that effect must be given, if possible, to every word, clause and sentence of the statute. Northern Discount Co. v. Luebke (1959),6 Wis.2d 313, 94 N.W.2d 605.
Following the rule of construction that effect must, if possible, be given to every word results in the conclusion that a specific class of instruments is covered by the statute. This class involves those instruments which actually affect title to real estate, an interest therein or lien thereon which is conveyed, created, encumbered, assigned or disposed of. In other words, the statute pertains to those situations where legal rights in real estate are created or transferred by the instrument.
Actually, the statute appears to be clear and certain. Where there is no ambiguity, construction is not permitted. Beck v.Hamann (1953), 263 Wis. 131, 56 N.W.2d 837. This is certainly true where the intended construction by the Register of Deeds eliminates approximately a third of the statutory language. *Page 596 
Accordingly, it is my opinion that the document in question should be recorded despite the fact that it does not identify the draftsman or agency, for the instrument does not affect real estate or in other words does not create or transfer any rights in the described lands.
VAM:CAB